**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **DAVID BARRETT et al.,** | **CASE NO. 1:20-CV-2291** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **WESTERN EXPRESS, INC. et al.,** | |
| **Defendant.** | **MEMORANDUM OF OPINION AND ORDER** |

This matter comes before the Court upon the Motion for Relief from Default Judgment ("Motion") filed by Defendant Western Express, Inc. ("Western Express") on December 2, 2020. (Doc. No. 15.) Plaintiffs David and Muery Barrett ("Plaintiffs") did not file an Opposition to Western Express's Motion. The Court construes Western Express's Motion as a Motion to Set Aside Entry of Default and, accordingly, sets aside the entry of default against Western Express.

**I.     Background**

This matter stems from an October 14, 2018 car accident in Medina County, Ohio in which Plaintiff David Barrett alleges he suffered bodily injury and Plaintiff Muery Barrett, his wife, alleges that she suffered loss of consortium as a result of David Barrett's injuries. (Doc. No. 1.) On October 13, 2020, Plaintiffs filed a Complaint against Defendants Western Express, the vehicle owner, Vincent Cook, the vehicle operator, and National Casualty Company, Plaintiffs' insurance company. (*Id.*) Western Express was served with the Complaint via certified mail on October 26, 2020. (Doc. No. 6.) Per Fed. R. Civ. P. 12(a), Western Express's Answer was due 21 days later, or on November 16, 2020. However, Western Express did not file an answer by November 16, 2020.

On November 20, 2020, Plaintiffs filed an "Application for Clerk's Default," in which they requested that the Clerk enter default against Western Express because Western Express failed to appear or file an answer within 21 days.[1] (Doc. No. 12.) Accordingly, the Clerk of Court entered a default against Western Express that same day, pursuant to Fed. R. Civ. P. 55(a). (Doc. No. 13.) The docket reflects that the Clerk mailed a copy of the Entry of Default to Western Express on November 20, 2020.

On December 2, 2020, Western Express filed the instant Motion, which it captioned "Motion for Relief from Default Judgment." (Doc. No. 15.) The Court notes that no default judgment has been entered against Western Express. Rather, the Clerk entered an Entry of Default against Western Express on November 20, 2020. (Doc. No. 13.) The Court therefore construes Western Express's Motion as a Motion to Set Aside Entry of Default.

Plaintiffs did not file an Opposition to Western Express's Motion. Thus, Western Express's Motion is ripe and ready for resolution.

**II.    Legal Framework**

Under Fed. R. Civ. P. 55(c), "[t]he court may set aside an entry of default for good cause." In order to determine whether a party has shown "good cause" for the purposes of setting aside an entry of default, the court considers the following factors: (1) whether the plaintiff will suffer prejudice, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default. *See Waifersong, Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th

---

[1] Plaintiffs initially filed a Motion for Default Judgment against Western Express. (Doc. No. 11.) In a non-document Order on November 20, 2020, this Court denied Plaintiffs' Motion for Default Judgment, noting that a plaintiff must obtain an entry of default as contemplated by Fed. R. Civ. P. 55(a) before seeking a default judgment under Fed. R. Civ. P. 55(b).

Cir. 1992) (citing *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir.1983); 10 Charles A. Wright et al., *Federal Practice and Procedure* § 2692, 2694 (1983)).

Fed. R. Civ. P. 55(c) leaves the decision to set aside the entry of default to the discretion of the trial judge. *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986). However, "trials on the merits are favored in federal courts because they serve the best interests of justice, so 'any doubt should be resolved in favor of the petition to set aside the judgment.'" *Unger v. Ohio Flame, LLC*, No. 1:13-cv-854, 2013 WL 12121504, at *2 (W.D. Mich. Nov. 26, 2013) (quoting *United Coin*, 705 F.2d at 846).

### III. Analysis

Western Express filed its Motion after entry of default, but before a default judgment was entered. Therefore, this Court applies the "good cause" standard found in Fed. R. Civ. P. 55(c), rather than the more demanding standard under Fed. R. Civ. P. 60(b). To demonstrate good cause, Western Express must show that Plaintiffs will not suffer prejudice by setting aside the default, that Western Express's defenses are meritorious, and that Western Express's conduct was not culpable. *See United Coin*, 705 F.2d at 845.

#### A. Prejudice

When determining if the plaintiff will be prejudiced by the court vacating an entry of default, delay alone is not prejudice. *United Coin*, 705 F.2d at 845; *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990). Instead, the plaintiff must demonstrate that delay will cause "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen*, 907 F.2d at 621. The Court finds that no delay resulted that could have caused a loss of evidence or increased difficulties in discovery. Indeed, this case is at such an early stage that another defendant,

National Casualty Company, was served on November 30, 2020, just two days before Western Express filed the instant Motion. (*See* Doc. No. 16.) Further, the Plaintiffs have not opposed Western Express's Motion or suggested that they have suffered prejudice as a result of Western Express's failure to answer by November 16, 2020. Accordingly, the Court finds that no prejudice resulted.

### B. Meritorious Defenses

Next, the Court must consider whether the defendant's defenses are meritorious. When determining whether a defense is "meritorious," the Court does not look at the defense's likelihood of success, but rather "whether the defense is one recognized by the law, taking all facts in the light most favorable to the defendant." *Unger*, 2013 WL 12121504, at *2 (citing *Berthelsen*, 907 F.2d at 621-22). "[I]f any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *Union Coin*, 705 F.2d at 845.

Western Express's claimed defense to Plaintiffs' claims is that the accident did not cause Plaintiffs' alleged injuries, due to the low-speed nature of the accident. (Doc. No. 15, PageID# 65-66.) The Court finds that Western Express pled a sufficiently meritorious defense. Western Express's defense, if true, would defeat Plaintiffs' claims with respect to Western Express. *See, e.g., Wheeler v. Estes Exp. Lines*, 53 F. Supp. 1032, 1040 (N.D. Ohio 2014) (proximate cause is an act that, in a natural and continuous sequence, "directly produces the injury and without which it would not have occurred"). Thus, there is at least "a hint of a suggestion" that Western Express may succeed at trial. *Union Coin*, 705 F.2d at 845.

### C. Culpable Conduct

Finally, the Court asks whether the culpable conduct of the defendant led to the default. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial

proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986).  "[M]ere negligence or failure to act reasonably is not enough to sustain a default."  *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 327 (6th Cir. 2010).  Setting aside the default is appropriate when the delay was not lengthy and when there is no pattern of disregard for the Court or its rules.  *Shepard*, 796 F.2d at 194.  Additionally, "where the party in default satisfies the first two requirements for relief and moves promptly to set aside the default before a judgment is entered, the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings."  *Id.* at 195.

Western Express displayed no intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct.  According to Western Express, it missed the deadline to file an Answer due to a good faith clerical error on the part of its counsel.  (Doc. No. 15, PageID# 62.)  In an affidavit appended to Western Express's Motion, Western Express's counsel avers that he "mistakenly diaried" the due date of Western Express's answer for December 16, rather than November 16, 2020.  (Doc. No. 15-1, ¶ 3.)  He also avers that he learned of the Entry of Default from Western Express on December 1, 2020.  (*Id.* at ¶ 5.)  Western Express subsequently filed this Motion the next day.  (Doc. No. 15.)  Western Express's counsel further avers that, on December 2, 2020, he reached out to Plaintiffs' counsel to ask whether Plaintiffs would consent to withdraw the entry of default considering the clerical error.  Although he did not hear back from Plaintiffs' counsel before he filed the Motion, Plaintiffs did not file an Opposition.  (*Id.* at ¶ 6.)  Western Express's error appears to be a good faith mistake that counsel worked diligently to correct upon learning of the entry of default.

(*Id.*)  This effort to comply once Western Express realized its mistake does not demonstrate a pattern of disregard for court orders or rules.

Accordingly, Western Express has shown good cause to set aside the Entry of Default under Fed. R. Civ. P. 55.  Plaintiffs have not suffered prejudice, Western Express pled a meritorious defense, and Western Express did not exhibit culpable conduct.

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Set Aside Entry of Default (Doc. No. 15) is GRANTED.

**IT IS SO ORDERED.**

Date:  December 22, 2020

   *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

6